UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BARNES, | ) |
| Plaintiff(s), | ) ) ) |
| vs. | )  Case No. 4:10CV620 JCH |
| CITIGROUP INC., et al., | ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Citigroup Inc.,[1] Vikram Pandit, John Gerspach, Sanjiv Das, and Paul Ince's Motion to Dismiss Plaintiff's Complaint, filed May 11, 2010. (Doc. No. 6). The motion is fully briefed and ready for disposition.

## BACKGROUND

On May 14, 2009, Plaintiff Michael Jessie Barnes and his wife entered into a promissory note for a $113,451 FHA refinance loan with American Equity Mortgage, which was negotiated to CitiMortgage. (Defendants' Memorandum in Support of Motion to Dismiss ("Defendants' Memo in Support"), P. 3, citing Defendants' Exh. A). The loan was secured by a deed of trust on Plaintiff's residence. (Id., citing Defendants' Exh. B). On April 13, 2010, Plaintiff filed a *pro se* Complaint attempting to be relieved of the debt owed on his mortgage. (Doc. No. 1).

Plaintiff lists numerous federal statutes and state causes of action as purported evidence that he does not owe the debt on his mortgage. As the Court construes his Complaint, Plaintiff alleges

---

[1] It appears that Plaintiff mistakenly listed Citigroup, Inc. as a Defendant in this matter, when the allegations in his Complaint are made exclusively against CitiMortgage. For purposes of this decision, the Court assumes Plaintiff intended to bring suit against CitiMortgage, and the case simply was captioned incorrectly.

that he did not actually take out a loan, but instead provided a bond to an unspecified party as part of a lawful exchange. Plaintiff then alleges Defendants converted or materially altered the bond into a note for a 30-year mortgage, thus violating several laws including the National Bank Act, the Fair Debt Collection Practices Act, and 42 U.S.C. §1983. Plaintiff also alleges various forms of fraud, including securities fraud and fraud in the factum.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citations omitted). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

### I. Failure To State A Claim For Relief

In his Complaint, Plaintiff alleges that he, "turned over a bond [to an unspecified party] as an asset exchange," and "this bond was then exchanged with other instruments from the United States Department of Treasury."[2] (Compl., P. 5). Plaintiff maintains CitiMortgage materially altered the

---

[2] As noted by Defendants, Plaintiff does not explain the type of bond at issue, or why he would transfer it to American Equity Mortgage or CitiMortgage, companies in the business of making mortgage loans, in exchange for a note secured by his residence. (Defendants' Memo in Support, P.

bond, with the intent of defrauding Plaintiff. (Id.). Plaintiff further claims there was no consideration for the contract in the amount of $113,451, the original amount of the bond of collateral held by Plaintiff. (Id. at 6).

Upon consideration, the Court finds that with these allegations Plaintiff fails to state a cognizable claim for relief. Specifically, the Court finds the Note and Deed of Trust entered into between Plaintiff and American Equity Mortgage confirm that Plaintiff obtained a $113,451 loan, utilizing the Deed of Trust as a security interest securing repayment of the loan to the lender. Plaintiff acknowledged the validity of the loan by paying his mortgage each month from May, 2009, until January, 2010. (Defendants' Memo in Support, PP. 7-8). This portion of Defendants' Motion to Dismiss must therefore be granted.

## II. <u>Vapor Money Theory</u>

In his Complaint, Plaintiff appears to argue that he does not owe the money due on his loan because it was not backed by actual money. Specifically, Plaintiff alleges that he, "turned over a bond [to an unspecified party] as an asset exchange," and "this bond was then exchanged with other instruments from the United States Department of Treasury." (Compl., P. 5). Plaintiff maintains CitiMortgage materially altered the bond, with the intent of defrauding Plaintiff. (Id.). Plaintiff further claims there was no consideration for the contract in the amount of $113,451, the original amount of the bond of collateral held by Plaintiff, and that "CITIMORTGAGE, INC. cannot, loan the capital stock of their directors, nor can they loan the money of their depositors, and they can only loan money." (Id. at 6.)

With these vague allegations, Plaintiff may be attempting to allege the "vapor money" theory as a ground for recovery. In the typical vapor money claim, "Plaintiff alleges that the promissory note

---

7).

- 3 -

he executed is the equivalent of 'money' that he gave to the bank. He contends that [the lender] took his 'money,' *i.e.*, the promissory note, deposited it into its own account without his permission, listed it as an 'asset' on its ledger entries, and then essentially lent his own money back to him....He further argues that because [the lender] was never at risk, and provided no consideration, the promissory note is void *ab initio*, and Defendants' attempts to foreclose on the mortgage are therefore unlawful." Demmler v. Bank One NA, No. 2:05-CV-322, 2006 WL 640499 at *3 (S.D. Ohio Mar. 9, 2006). While the vapor money theory has not been addressed by any court within the 8th Circuit, it and "similar arguments have been rejected by federal courts across the country." McLehan v. Mortgage Electronic Registration Sys., No. 08-12565, 2009 WL 1542929 at *2 (E.D. Mich. June 2, 2009) (citations omitted). See, e.g., Thomas v. Countrywide Home Loans, No. 2:09-CV-00082-RWS, 2010 WL 1328644 (N.D. Ga. Mar. 29, 2010); Andrews v. Select Portfolio Servicing, Inc., No. RDB-09-2437, 2010 WL 1176667 (D. Md. Mar. 24, 2010); Barber v. Countrywide Home Loans, Inc., No. 2:09-CV-40-GCM, 2010 WL 398915 (W.D.N.C. Jan. 25, 2010); Kuder v. Washington Mut. Bank, No. CIV S-08-3087 LKK DAD PS, 2009 WL 2868730 (E.D. Cal. Sept. 2, 2009); Rodriguez v. Summit Lending Solutions, Inc., No. 09cv773 BTM(NLS), 2009 WL 1936795 (S.D. Cal. July 7, 2009); Johnson v. Deutsche Bank Nat'l Trust Co., No. 09-21246-CIV, 2009 WL 2575703 (S.D. Fla. July 1, 2009); Gentsch v. Ownit Mortgage Solutions Inc. No. CV F 09-0649 LJO GSA, 2009 WL 1390843 (E.D. Cal. May 14, 2009). Thus, the vapor money theory is not a valid route to recovery, and Plaintiff's claims based upon it must be dismissed.

**III.    42 U.S.C. § 1983**

As stated above, in his Complaint Plaintiff purports to set forth a cause of action under 42 U.S.C. § 1983. (Compl., P. 2). "The 'ultimate issue' to determine whether a person is subject to a section 1983 action is whether 'the alleged infringement of federal rights [is] fairly attributable to the

State?'" Gentsch, 2009 WL 1390843 at *8 (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (further quotation omitted)). Plaintiff's Complaint contains no allegation that Defendants were state actors, or acted under color of state law as "willful participant[s] in joint action with the State or its agents." DuBose v. Kelly, 187 F.3d 999, 1003 (8th Cir. 1999) (internal quotations and citation omitted). In light of this pleading deficiency, Plaintiff's 42 U.S.C. § 1983 claim must be dismissed.

**IV.    National Bank Act**

While the exact nature of his allegations is unclear, in his Complaint Plaintiff apparently alleges Defendants violated the National Bank Act in several respects. As relevant here, 12 U.S.C. § 83 prohibits national banks from making loans on the security of the shares of their own capital stock. This statute is inapplicable to Plaintiff's situation, however, because his loan was secured by his home, not by stock. 12 U.S.C. § 29 says "no such [national banking] association shall hold the possession of any real estate under mortgage, or the title and possession of any real estate purchased to secure any debts due to it, for a longer period than five years." This provision also is inapplicable, as Defendants do not possess Plaintiff's home. Finally, as noted by Defendants, national banks are permitted to "make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate," and thirty-year mortgages are common in the lending industry. (Defendants' Memo in Support, P. 11, citing 12 U.S.C. § 371). Accordingly, Plaintiff's claims under the National Bank Act must be dismissed.

**V.    Fair Debt Collection Practices Act**

In his Complaint, Plaintiff references the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (Compl., P. 3). "The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." Gentsch, 2009 WL 1390843 at *7 (citing Perry v.

Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), mod. on other grounds, 761 F.2d 237 (5th Cir. 1985)). Under the FDCPA, a debt collector is defined as "any person . . . who regularly collects or attempts to collect...debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term debt collector does not include, however, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors[3], a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry, 756 F.2d at 1208. See also Kuder, 2009 WL 2868730 at *3. As there is no evidence Plaintiff's loan was in default at the time it was acquired by CitiMortgage, CitiMortage is not a debt collector under the meaning of the FDCPA. Accordingly, this claim must be dismissed.

## VI.  Securities Violations

Plaintiff lists securities fraud as one of the grounds for his Complaint. (Doc. No. 1, P. 1). Remedies for securities fraud are limited to the purchasers or sellers of securities. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 735-36 (1975). Plaintiff's securities fraud claims thus must be dismissed for lack of standing, as the Complaint fails to allege that Plaintiff bought or sold any securities.[4]

---

[3] As the holder of Plaintiff's mortgage, CitiMortgage maintains it is a creditor, not a debt collector. (Defendants' Memo in Support, PP. 11-12). See 15 U.S.C. § 1692a(4) (defining "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another").

[4] The Court notes Plaintiff's Complaint also contains brief references to various other forms of fraud, but agrees with Defendants that the Complaint does not allege the essential elements of a fraud claim. (See Defendants' Memo in Support, PP. 13-15). "Moreover, because this Court is dismissing the

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 6) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice.[5] An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery, Motion to Produce Documents, and Motion for a Jury Trial (Doc. No. 10) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery Pursuant to Rule 56.01(b)(2) (Doc. No. 13) is **DENIED**.

Dated this 15th day of June, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

only federal claim[s] in this action, the Court would decline to exercise supplemental jurisdiction over any remaining state law claims even if they had been adequately pled." McLehan, 2009 WL 1542929 at *2 n. 3.

[5] "Leave to amend would clearly be futile in this case given the obvious deficiencies and frivolous nature of plaintiff's complaint as addressed above." Kuder, 2009 WL 2868730 at *3 (citations omitted).